## BRINN et al. v. LEVINE et al.

(Supreme Court, Appellate Term. March 2, 1906.)

SALE—ACTION FOR PRICE—EVIDENCE—SUFFICIENCY.

Evidence in action for the price of goods sold examined, and held insufficient to support a judgment for the seller.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Simon Brinn and another, composing the firm of S. Brinn & Bro., against Philip Levine and another, composing the firm of Levine & Shapiro. From a judgment for plaintiffs, defendants appeal. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Feltenstein & Rosenstein, for appellants.
Solomon Brinn, for respondents.

GIEGERICH, J. This action was brought to recover the purchase price of certain pieces of cloth claimed to have been sold and delivered to the defendants by the plaintiffs. One of the items is for a piece of cloth known as "thibet," which the defendants admit they purchased. It appears from the evidence that, after the defendants had received the goods, they sent them to a sponging establishment, then doing business under the name of the Independent Cloth Sponging & Refinishing Works, where it was discovered that they were damaged, whereupon the plaintiffs, upon being notified, requested the defendants to select another piece of cloth, which they did, and requested the plaintiffs to take it to the sponging establishment above named in exchange for the damaged goods. There is a conflict of testimony as to whether or not such new piece of cloth was ever delivered to the sponging establishment. Mr. Simon Brinn, one of the plaintiffs, testified that the boy in their employ, on June 22, 1905, in his presence, delivered to the man in the office of the sponging establishment the cloth so selected, and received in exchange the damaged goods, and that at the same time he also received a receipt bearing date that day, which receipt was admitted in evidence against the defendants' objection and exception, and marked "Plaintiff's Exhibit 1." The defendants denied that they received the new piece of cloth, and called one Simon Schiff, who testified that he had formerly been connected with the sponging establishment, of which he said one Solomon was the proprietor, whose absence for a period of three or four weeks caused the establishment to suspend business in the latter part of June, 1905; the witness remaining, in the meantime, in charge for the purpose of returning goods belonging to customers. He further testified that on July 5, 1905, a man came with a written order, to whom he delivered the piece of cloth, and that he did not receive any goods in return. The order referred to was put in evidence by the defendants, and marked "Defendants' Exhibit 4." Before it was altered, it read as follows:

"New York, June 22, 1904.

"Gentlemen: Kindly deliver to bearer the piece of thibet of the acct. Levin & Shapiro, which you have for return, and I am sending you another piece in place of it.

"Yours truly,                                     S. Brinn."

The writing, as admitted in evidence, shows that it was altered by the striking out of the date "June 22" and the substitution of "July 5th" in the same kind and shade of black ink, and at the end by the crossing out of the words "I am sending you another piece in place of it." The witness Schiff and the plaintiff Simon Brinn disclaimed having made such alterations. Schiff, upon being shown the receipt (Plaintiffs' Exhibit 1), testified that he did not know in whose handwriting the signature was, and that he did not "know the name at all," and that "we had no such man in our employ."

It will be seen from the foregoing summary of the evidence that the determination of the question whether or not there was a delivery of the cloth to the sponging establishment by the plaintiff turns largely upon the date of the return of the damaged goods. If, as claimed by the defendants, they were returned on July 5th, then it is evident that the plaintiff Simon Brinn must have been very much mistaken in swearing

that when the new goods were left at the sponging establishment on June 22d the damaged ones were received in return. On the other hand, if the damaged goods were returned on June 22d, then obviously the date as well as the body of the order (Defendants' Exhibit 4) were altered subsequently to such date, and the testimony of Schiff as well as of both defendants upon the point under discussion is not entitled to credence. It is clear, therefore, that if no objection had been raised as to the admissibility in evidence of the alleged receipt by the sponging establishment of June 22d (Plaintiffs' Exhibit 1), it would have had a determining influence on the settlement of the conflict in testimony upon the question under discussion. Recurring now to a consideration of the exceptions taken to the admission of such writing, it should be observed that, although the plaintiff Simon Brinn testified that he accompanied the boy on June 22d, when he says the new goods were exchanged for the damaged ones, the boy was not called as a witness, nor was his absence accounted for by the plaintiffs, in whose employ he was at the time such exchange is claimed to have been made. Nor did the plaintiffs call any other witness to corroborate the testimony of Simon Brinn. The latter testified that the receipt in question was signed by "the man in the office of the sponging place." The record, however, fails to disclose that such man was employed in, or connected with, the sponging establishment, and, for aught that appears to the contrary, he may have been a stranger temporarily in the office during the absence of a regular employé.

Under all these circumstances, I think it was prejudicial error to admit the receipt (Plaintiffs' Exhibit 1), and for such error the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

GREENBAUM, J. (concurring). I do not think it was legal error to admit in evidence the receipt alleged to have been obtained from the sponging establishment. It is conceded that plaintiff was authorized by defendants to send to the sponger for the piece of defective cloth in good condition. The plaintiff testifies that he gave a fresh piece of goods to the party in the sponging establishment from whom he received the damaged piece upon the presentation of the order. It must be obvious that under such circumstances authority must be presumed in the person who delivered up the damaged goods to receive in exchange therefor another piece of goods, claimed to have been delivered at the time, and to give a written receipt therefor. The testimony, however, developed on the trial as to the alleged delivery to the sponger of the piece of goods; the alteration in the date of the order; the obliteration of the part of the order referring to the delivery of the new piece of goods in exchange for the goods retained; the considerable delay before plaintiff, according to his own testimony, sent or went to the sponging establishment; the fact that it appeared that the proprietor of the sponging establishment had absconded; that the plaintiff personally accompanied his office boy to the sponger's place, because, as he says, he could identify the goods (a seemingly unnecessary precaution); the failure to produce the boy or account for his absence; the nonproduction of the receipt for goods concededly delivered on Sep-

tember 26th; and the delay in demanding payment of the bill of September 29th—sufficiently indicates that the interests of justice will be served by reversing the judgment and ordering a new trial.

SCOTT, P. J., concurs in the result.